MOORE ET AL. *v.* METROPOLITAN LIFE INSURANCE COMPANY.

[No. 16,723. Filed February 13, 1942.]

*John R. Walsh* and *Gilbert W. Butler,* both of Martinsville, for appellants.

*Sidney E. Miller* and *Harold H. Bredell,* both of Indianapolis (*William J. Kinnally,* of Indianapolis, of counsel), for appellee.

FLANAGAN, J.—On February 1, 1917, appellee issued its 20-year endowment insurance policy to Delbert E. Moore, appellants' decedent. It contained the following provisions:

> "If the insured after payment of premium for at least one year and before default in the payment of any subsequent premium shall furnish due proof that he has become wholly and permanently disabled and prevented from performance of any work for compensation or profit, the company will waive payment of premiums becoming due on and after the next anniversary date of the issue of the policy."

The only premium ever paid was the one for the first year, from February 1, 1917, to February 1, 1918. Upon default of the premium for the second year, the policy was marked "lapsed" and cancelled on the records of the home office of appellee. Its records do not show any written notice of any disability until September 29, 1939.

The first written claim was executed by appellants' decedent on October 23, 1939, and was received by the home office of appellee on October 31, 1939. Liability on the policy was denied and this action followed. At

the end of appellants' evidence, the trial court instructed the jury to return a verdict for appellee; and that action of the court is here assigned as error.

The first question presented is whether due proof of the insured's alleged permanent and total disability was furnished.

The policy requires the proof to be given "before default in the payment of any subsequent premium." Appellants claim that Delbert E. Moore became permanently and totally disabled in November, 1917. The next premium was due February 1, 1918.

The only evidence remotely relating to notice to appellee of any disability before the premium was defaulted, was a conversation between the mother of Delbert E. Moore and appellee's agent for the collection of premiums in which she informed him that "Delbert was sick at Camp Shelby."

Appellants say that "the expression 'due proof' ordinarily refers to the time when the proof is to be made rather than the sufficiency of facts to be established by the proof." Therefore appellants reason that the subject-matter of the proof is unimportant and there has here been sufficient compliance.

The fallacy of this reasoning is apparent. Construing the words "due proof" in the sense of "timely proof" the fact remains that the proof must be "of something." Appellants have overlooked the fact that in the provision of the policy here involved the words "due proof" are followed by the words "that he has become wholly and permanently disabled and prevented from performance of any work for compensation or profit."

The phrase "due proof" is not the important phrase here involved. The phrase "proof that he has become wholly and permanently disabled, etc." is the phrase with which we are chiefly concerned.

We need not examine the question as to what facts will constitute proof sufficient to comply with this phrase. It is sufficient to say that there must be proof of some facts to indicate to the insurer that the insured or someone on his behalf is claiming that "he has become wholly and permanently disabled, etc." Aided by all reasonable inferences, the mere statement that "Delbert is sick at Camp Shelby" could not be considered as "proof that he has become wholly and permanently disabled and prevented from performance of any work for compensation or profit." See *Belbas* v. *New York Life Ins. Co.* (1938), 300 Mass. 471, 15 N. E. (2d) 806.

In view of the above conclusion, other questions presented need not be considered.

Judgment affirmed.

NOTE.—Reported in 39 N. E. (2d) 488.